| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER |
|---|---|
| **PLAINTIFF**<br><br>WALTER W. KELLEY, TRUSTEE | **DEFENDANT**<br><br>BANK OF AMERICA, N.A. and SELENE FINANCE LP |
| ATTORNEYS (Firm Name, Address and Telephone No.)<br><br>THOMAS D. LOVETT<br>Kelley, Lovett, Blakey, & Sanders, P.C.<br>P.O. Box 1164<br>Valdosta, Georgia 31603-1164<br>(229) 242-8838 | ATTORNEYS (If Known)<br>C. BRENT WARDROP<br>Quintairos, Prieto, Wood & Boyer, PA<br>10902 Crabapple Road<br>Roswell, Georgia 30075<br>Attorney for Selene Finance LP |

| PARTY (Check one box only) | [ ] 1 U.S. PLAINTIFF | [ ] 2 U.S. DEFENDANT | [X] 3 U.S. NOT A PARTY |
|---|---|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

{COMPLAINT TO AVOID TRANSFER, 11 U.S.C. §544 and/or §550}

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| [X] 454 To recover money or property | [ ] 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 plan | [ ] 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
|---|---|---|
| [ ] 435 To determine validity, priority, or extent of a lien or other interest in property | [ ] 426 To determine the dischargeability of a debt 11 U.S.C. §523 | [ ] 459 To determine a claim or cause of action removed to a bankruptcy court |
| [ ] 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | [ ] 434 To obtain an injunction or other equitable relief | [ ] 498 Other (specify) |
| [ ] 424 To object or to revoke a discharge 11 U.S.C. §727 | [ ] 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | [X] 1 Original Proceeding | [ ] 2 Removed Proceeding | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another Bankruptcy Court | [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND | OTHER RELIEF SOUGHT | [ ] JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Joanne Gibson Montfort | BANKRUPTCY CASE NO.<br>20-40331-JTL | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT OF GEORGIA | DIVISION OFFICE<br>COLUMBUS DIVISION | NAME OF JUDGE<br>John T. Laney III |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | [ ] FEE ATTACHED | [ ] FEE NOT REQUIRED | [X] FEE IS DEFERRED |
|---|---|---|---|

| DAY<br>6/23/20 | PRINT NAME<br>THOMAS D. LOVETT III | SIGNATURE OF ATTORNEY OR PLAINTIFF<br>/s/ Thomas D. Lovett III |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| JOANNE GIBSON MONTFORT | : | NO. 20-40331-JTL |
| | : | |
| Debtor(s). | : | Chapter 7 Proceeding |

| | | |
|---|---|---|
| WALTER W. KELLEY, TRUSTEE, | : | Adversary Proceeding |
| Plaintiff, | : | No. |
| v. | : | |
| | : | |
| BANK OF AMERICA, N.A. and | | |
| SELENE FINANCE, LP | : | |
| Defendants. | : | |

## COMPLAINT TO AVOID TRANSFER MADE IN A SECURITY DEED

COMES NOW Plaintiff Walter W. Kelley, Trustee ("*Trustee*") and shows this Court the following:

-1-

Defendants Bank of America, N.A. and Selene Finance LP are subject to the jurisdiction of the Court. This Court has jurisdiction over this Complaint under 11 U.S.C. §§ 544, 547, 548 and/or 550.

-2-

Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

-3-

This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K) and/or (O). Trustee consents to the entry of final orders and/or judgment by the Bankruptcy Court.

-4-

This adversary proceeding arises out of and relates to Chapter 7 case no. 20-40331-JTL filed in this Court by JOANNE GIBSON MONTFORT ("*Debtor*").

-5-

The Debtor's Chapter 7 petition was filed on April 9, 2020. The Trustee is the duly appointed and acting Trustee in the above case.

-6-

The Debtor transferred a security interest in real estate located at 31 Pine Forrest Drive, Reynolds, Georgia to Home America Mortgage, Inc. by a *Security Deed* dated April 2, 2004. The Security Deed was recorded in the Taylor County, Georgia Clerk's Office in Deed Book 137, Pages 64-74 on April 8, 2004. A true and correct copy of the recorded Security Deed, including "*Waiver of Borrower's Rights*" and "*Closing Attorney's Affidavit*" are attached to this complaint as **Exhibit "A."**

-7-

Home America Mortgage, Inc. assigned the above-described Security Deed to Bank of America, N.A. by an *Assignment of Security Deed* dated December 26, 2012 recorded in the Taylor County, Georgia Clerk's Office in Deed Book 190, Page 632 on December 31, 2012. Bank of America, N.A. is the current holder of the above-described security deed. A true and correct copy of the recorded Assignment is attached to this complaint as **Exhibit "B."**

-8-

The Debtor's schedules and a Notice of Appearance filed in the case indicates **Selene Finance LP** is acting as the servicer of the loan for Bank of America, N.A.

-9-

The above-described Security Deed filed in the Taylor County Clerk's Office in Deed Book 137; Pages 64-74 on April 8, 2004 lacks an unofficial witness. The Waiver of Borrower's Rights attached to the Security Deed also lacks an unofficial witness.

-10-

For a security deed to properly be admitted to record, Georgia law requires a security deed be attested or acknowledged by two witnesses: An official witness, such as a notary public and an additional unofficial witness. *See* O.C.G.A. § 44-14-33. Where a notary serves as the official witness, the notary "must provide a seal of office." *See* O.C.G.A. § 45-17-6(a)(1).

-11-

Where a security deed lacks official and unofficial attestation, the security deed does not provide constructive notice to subsequent bona fide purchasers, even if the deed is recorded. *See* U.S. Bank Nat'l Ass'n v. Gordon, 289 Ga. 12, 709 S.E.2d 258, 259-60 (Ga. 2011).

-12-

Under 11 U.S.C. § 544(a)(3), the Trustee may avoid a security deed that is not properly attested by both an official and unofficial witness as required in O.C.G.A. § 44-14-33.

-13-

Because the Security Deed described above does not have two attesting witnesses, the Security Deed does not provide constructive notice to a bona fide purchaser of the real estate at 31 Pine Forrest Drive, Reynolds, Georgia.

-14-

The Trustee, as a hypothetical bona fide purchaser, may avoid the transfer of the Debtor's interest in the real estate made in the Security Deed under 11 U.S.C. § 544(a)(3).

WHEREFORE, TRUSTEE PRAYS FOR JUDGMENT AGAINST BANK OF AMERICA, N.A. and SELENE FINANCE LP:

(a)   avoiding the transfer of the Debtor's interest in the real estate as described in the Security Deed;

(b)   requiring that Bank of America, N.A. and Selene Finance LP cancel and release the Security Deed;

(c)   recovering the real estate transferred (or its value) for the benefit of the bankruptcy estate;

(d)   awarding all costs of this action;

(e)   awarding pre-judgment interest from the date of service of this complaint on any money judgment; and

(f)   for such other and further relief as this Court deems equitable and just.

/s/ Thomas D. Lovett
THOMAS D. LOVETT, III
**Attorney for Chapter 7 Trustee**
**Kelley, Lovett, Blakey & Sanders, P.C.**
Post Office Box 1164
Valdosta, GA 31603
(229) 242-8838
State Bar ID No. 243214
thomas.lovett@kelleylovett.com